UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.63.133.173,<br><br>Defendant. | Case No. 24-cv-03856-MMC (RMI)<br><br>**ORDER ON EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO RULE26(F) CONFERENCE**<br><br>Re: Dkt. No. 8 |

**INTRODUCTION**

"Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") is the owner of original, award-winning motion pictures featured on its brand's subscription-based adult websites." Appl. (Dkt. 8) at 9. Plaintiff alleges that the Doe defendant (or "Defendant") — who uses the IP address 73.63.133.173 — infringed on Plaintiff's content by illegally distributing a large number of Plaintiff's movies. *Id*. Plaintiff came to this information by way of proprietary forensic software which identified the IP address, but not Defendant's true identity. *Id*. Now, Plaintiff "seeks leave to serve limited, immediate discovery on Defendant's ISP, Comcast Cable Communications, LLC (Comcast Cable) so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service." *Id*. For the following reasons, the court finds that Plaintiff has shown good cause to serve a Rule 45 subpoena prior to a Rule 26(f) conference, and the court grants the application.

**DISCUSSION**

In the interests of justice, a court may authorize early discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d). "'Courts within the Ninth Circuit generally consider whether a

1   plaintiff has shown 'good cause' for early discovery.'" *Strike 3 Holdings, LLC v. Doe*, No. 24-CV-
2   02503-MMC (RMI), 2024 WL 2191944, at *1 (N.D. Cal. May 15, 2024) (quoting *Strike 3*
3   *Holdings, LLC v. Doe*, No. 23-CV-04339-RS, 2023 WL 6542326, at *1 (N.D. Cal. Sept. 22,
4   2023)). "In evaluating whether a plaintiff establishes good cause to learn the identity of a Doe
5   defendant through early discovery, courts examine whether the plaintiff: (1) identifies the Doe
6   defendant with sufficient specificity that the court can determine if the defendant is a real person
7   who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant;
8   (3) demonstrates the action can withstand a motion to dismiss; and (4) shows the discovery is
9   reasonably likely to lead to identifying information that will permit service of process." *Id.* (citing
10  *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)). "'[W]here the
11  identity of alleged defendants [is not] known prior to the filing of a complaint[,] the plaintiff
12  should be given an opportunity through discovery to identify the unknown defendants, unless it is
13  clear that discovery would not uncover the identities, or that the complaint would be dismissed on
14  other grounds.'" *Id.* (quoting *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).

15  Here, Plaintiff has established good cause for early discovery. First, Plaintiff has identified
16  the Doe defendant with sufficient specificity that the court can determine that he or she is a real
17  person who can be sued in federal court. The Complaint alleges that the Doe defendant
18  downloaded Plaintiff's copyrighted adult motion pictures and distributed them over the BitTorrent
19  network. Compl. (Dkt. 1) at 4.  Using its proprietary forensic software, Plaintiff alleges that it
20  established "direct TCP/IP connections with Defendant's IP address." *Id.* at 5. These alleged facts
21  indicate that the Doe defendant is an identifiable person who likely is the primary subscriber of the
22  IP address or someone who resides with and is known to the subscriber. Using geolocation
23  technology, Plaintiff has traced the Doe defendant's IP address to a physical address within the
24  Northern District of California, thus giving the court jurisdiction over the Doe defendant and
25  Plaintiff's federal claim. *Id.* at 2-3.

26  Second, Plaintiff has sufficiently established that while it can identify the unique IP
27  address as the one from which the Doe defendant downloaded and distributed its movies, Plaintiff
28  is not able to specifically identify the Doe defendant without the issuance of this subpoena. Third,

2

1  Plaintiff has demonstrated that its copyright claim could withstand a motion to dismiss. A plaintiff
2  "must satisfy two requirements to present a *prima facie* case of direct infringement: (1) [he or she]
3  must show ownership of the allegedly infringed material and (2) [he or she] must demonstrate that
4  the alleged infringers violate at least one exclusive right granted to copyright holders under 17
5  U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007); *see also*
6  17 U.S.C. § 501(a). Plaintiff sufficiently alleges that it owns a valid copyright in the "Works,
7  which [are] an original work of authorship" that are registered with the United States Copyright
8  Office, and that the Doe defendant copied and distributed the Works without authorization,
9  permission, or consent. Compl. (Dkt. 1) 6-7. And Fourth, Plaintiff has shown that the discovery it
10 seeks is reasonably likely to lead to identifying information that will permit service of process on
11 the Doe defendant. Accordingly, early discovery is proper and in the interests of justice.

## PROTECTIVE ORDER

Here, for the reasons stated by the court in Strike 3 Holdings, LLC v. Doe, No. 23-CV-06675-LB, 2024 WL 308260, at *3 (N.D. Cal. Jan. 26, 2024), the undersigned will also issue a limited duration protective order as follows:

Any information regarding the Doe defendant released to Strike 3 by the ISP will be treated as confidential for a limited duration. Strike 3 must not publicly disclose that information until the Doe defendant has had the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled upon by the court. Doe defendant may move to file such a motion under seal pursuant to Civil Local Rule 79-5. If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3's counsel, this limited protective order will expire.

//
//
//
//
//
//

# CONCLUSION

Accordingly, the court **GRANTS** Plaintiff's Ex Parte Application for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference with respect to the John Doe subscriber assigned IP address 73.63.133.173 as follows:

1. IT IS HEREBY ORDERED that Strike 3 Holding may immediately serve a Rule 45 subpoena on Comcast Cable Communications, LLC to obtain the Doe defendant's true name and addresses. The subpoena must have a copy of this order attached. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant; the same requirements laid out for Comcast Cable Communications, LLC in this Order will also apply to any follow-on orders pursuant hereto.

2. IT IS FURTHER ORDERED that the ISP will have 30 days from the date of service upon them to serve the Doe defendant with a copy of the subpoena and a copy of this order. The ISP may serve the Doe defendant using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

3. IT IS FURTHER ORDERED that the Doe defendant will have 30 days from the date of service upon him or her to file any motions contesting the subpoena (including a motion to quash or modify the subpoena) with the court that issued the subpoena. If that 30-day period lapses without the Doe defendant contesting the subpoena, the ISP will have 10 days to produce the information responsive to the subpoena to Strike 3.

4. IT IS FURTHER ORDERED that the subpoenaed entity must preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5. IT IS FURTHER ORDERED that the ISP that receives a subpoena pursuant to this order must confer with Strike 3 and may not assess any charge in advance of providing the information

requested in the subpoena. The ISP that receives a subpoena and elects to charge for the costs of production must provide a billing summary and cost reports that serve as a basis for such billing summary and any costs claimed by the ISP.

6. IT IS FURTHER ORDERED that Strike 3 must serve a copy of this order along with any subpoenas issued pursuant to this order to the necessary entities.

7. IT IS FURTHER ORDERED that any information disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

**IT IS SO ORDERED.**

Dated: August 5, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge