IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.63.133.173,<br><br>    Defendant. | Case No. 24-cv-03856-MMC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

Before the Court is plaintiff Strike 3 Holdings, LLC's ("Strike 3") "*Ex-Parte* Application for Leave to File Unredacted Versions of Plaintiff's First Amended Complaint ["FAC"], Proposed Summons, and Return of Service Under Seal," filed November 4, 2024. Having read and considered the Application, the Court rules as follows.

In the FAC, Strike 3, which owns "adult motion pictures" (see FAC ¶ 2), alleges defendant "is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others" (see FAC ¶ 4). In its Application, Strike 3 seeks leave to file under seal an unredacted version of its First Amended Complaint, and to maintain in the public record a version of said pleading in which defendant's name, along with certain other information concerning defendant, has been redacted; Strike 3 also seeks leave to file under seal a proposed summons. Further, once defendant has been served with process, Strike 3 seeks leave to file under seal the anticipated return of service. In each instance, Strike 3 seeks such leave because, it asserts, it "is sensitive to [d]efendant's privacy concerns and otherwise believes that allowing [d]efendant to proceed anonymously serves the parties' interests." (See Pl.'s Appl. ¶ 5.)

1    In support of its Application, Strike 3 states, without citation to any such order, that,
2    "in prior similar cases, this Court entered protective orders precluding [Strike 3] from
3    publicly disclosing defendants' identifying information." (See id. ¶ 8.) To the extent Strike
4    3 may be referring to the type of limited protective order previously issued in the instant
5    action (see Doc. No. 10), said order was for a limited duration, and, as set forth below,
6    the circumstances warranting the order no longer pertain.
7    In particular, Magistrate Judge Robert M. Illman, on August 5, 2024, granted Strike
8    3's motion for leave to serve a summons upon an internet service provider ("ISP"), from
9    which Strike 3 sought to learn the identity of the person associated with the ISP number
10   Strike 3 believes has been used to infringe. In so doing, Magistrate Judge Illman issued
11   the following protective order:

> Any information regarding the Doe defendant released to Strike 3 by the ISP will be treated as confidential for a limited duration. Strike 3 must not publicly disclose that information until the Doe defendant has had the opportunity to file a motion with this court to be allowed to proceed in this litigation anonymously and that motion is ruled upon by the court. [The] Doe defendant may move to file such a motion under seal pursuant to Civil Local Rule 79-5. If the Doe defendant fails to file a motion for leave to proceed anonymously within 30 days after his or her information is disclosed to Strike 3's counsel, this limited protective order will expire.

17   (See id. at 3:12-22.) Although Strike 3's Application does not state the date on which the
18   ISP provider disclosed defendant's name to Strike 3, such disclosure could have
19   occurred no later than November 4, 2024, the date on which Strike 3 filed the instant
20   application,[1] and more than thirty days have passed since that date, without the disclosed
21   individual having filed a motion for leave to proceed anonymously. Under such
22   circumstances, the Court has no basis upon which to conclude the disclosed individual
23   has an interest in proceeding anonymously, let alone that such interest outweighs the
24   "public's right to open courts." See Doe v. Kamehameha Schools, 596 F.3d 1036, 1042

---

[1] In all likelihood, the disclosure was made significantly earlier than November 4, 2024, in light of Strike 3's allegations that, after the disclosure was made, it engaged in further investigatory steps, such as reviewing social media sites and other publicly available information, to determine whether the disclosed individual is the individual whom Strike 3 believes to be an infringer. (See FAC ¶¶ 54-63.)

2

(9th Cir. 2010) (holding "normal presumption in litigation is that parties must use their real names"; explaining "presumption is loosely related to the public's right to open courts").[2]

Lastly, to the extent Strike 3 may be suggesting it has some interest, independent of any potential interest said defendant may have in proceeding anonymously, no such interest has been identified.

Accordingly, Strike 3's motion is hereby DENIED, and, if Strike 3 wishes to proceed on the claims in the FAC, it shall file the FAC, as well as the proposed summons and any return thereof, in the public record.

**IT IS SO ORDERED.**

Dated: December 5, 2024

MAXINE M. CHESNEY
United States District Judge

---

[2] The presumption is also "loosely related" to "the right of private individuals to confront their accusers," see id., a concern raised where, unlike here, the plaintiff seeks to proceed anonymously.